UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MAI-AJAH KEEL;<br><br>　　　　Plaintiff,<br><br>v.<br><br>DELAWARE STATE UNIVERSITY BOARD OF TRUSTEES; CANDY YOUNG, in her individual capacity; PAMELA DUFFY, in her individual capacity; RANDOLPH JOHNSON, in his individual capacity; and LEMMY KNIGHT, in his individual capacity,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§  Case No.: 1:17-cv-01818-JFB-SRF<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

PLEASE TAKE NOTICE THAT Plaintiff Mai-Ajah Keel will and hereby do request that the Court take judicial notice under Federal Rule of Evidence 201 of the following in support of Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Opposition"):

Exhibit A: The United States Department of Education's, Dear Colleague Letter of April 4, 2011 ("DCL").  The DCL lays out the specific Title IX requirements related to sexual harassment and sexual assault as stated by the Department of Education's Office of Civil Rights.

Exhibit B: An article entitled "DSU Student who was cleared of rape charges sues school" ("DSU Article") by Esteban Parra.  The DSU Article was published in the Delaware Online News Journal on December 17, 2013.

///

1

The DCL is judicially noticeable because it is a report of an administrative body. *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) overruled on other grounds by *Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) ("[A] court may take judicial notice of 'records and reports of administrative bodies'") (citations omitted); *Lundquist v. Contl. Cas. Co.*, 394 F. Supp. 2d 1230, 1243 (C.D. Cal. 2005) ("'A court may take judicial notice of records and reports of administrative bodies,' such as notices and opinion letters issued by an administrative agency") (citations omitted). The DSU Article is judicially noticeable because it is capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy. *Govt. of Virgin Islands v. Gereau*, 523 F.2d 140 (3d Cir. 1975). Further, contained within it are propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy. S*ee IntriPlex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute.") (citation and internal quotation marks omitted).

          **PACHULSKI STANG ZIEHL & JONES LLP**

          */s/ Laura Davis Jones*
          Laura Davis Jones (DE Bar No. 2436)
          James I. Stang (CA Bar No. 94435)
          James E. O'Neill (DE Bar No. 4042)
          919 North Market Street, 17th Floor
          P.O. Box 8705
          Wilmington, DE 19899 (Courier 19801)
          Telephone: 302-652-4100
          Facsimile: 302-652-4400
          E-mail: ljones@pszjlaw.com
                   jstang@pszjlaw.com
                   joneill@pszjlaw.com

          -and-

**THE ZALKIN LAW FIRM, P.C.**

Alexander S. Zalkin *(pro hac vice)*
Ryan M. Cohen *(pro hac vice)*
12555 High Bluff Drive, Ste. 301
San Diego CA  92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015
Email: alex@zalkin.com
         ryan@zalkin.com

*Counsel for Plaintiff Mai-ajah Keel*

Dated: March 13, 2018