UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MAI-AJAH KEEL;<br><br>    Plaintiff,<br><br>v.<br><br>DELAWARE STATE UNIVERSITY BOARD OF TRUSTEES; CANDY YOUNG, in her individual capacity; PAMELA DUFFY, in her individual capacity; RANDOLPH JOHNSON, in his individual capacity; and LEMMY KNIGHT, in his individual capacity,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ Case No.: 1:17-cv-01818-MN-SRF<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATION

**I. INTRODUCTION AND STANDARD OF REVIEW**

Plaintiff filed her Complaint on December 19, 2017, alleging (1) Defendant Delaware State University ("DSU") violated Title IX in the manner in which it responded to her rape by another student, Jason Faustin, and subsequent ongoing harassment by Faustin and other students, and (2) a claim under § 1983 that several individual administrators violated her constitutional right to equal protection. In response, Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). On November 26, 2018, Magistrate Judge Fallon issued her Report and Recommendation ("Recommendation"), in which she recommended that: (1) Plaintiff's case was barred by the statute of limitations, (2) Plaintiff failed to state a claim for violation of Title IX, (3) Plaintiff failed to state a claim under § 1983, and (4) the individual defendants are entitled to qualified immunity. The District Court's standard of review for this matter is de novo. F.R.C.P. 72(b)(3).

1

Plaintiff asks this Court to reconsider Judge Fallon's Recommendation based on the following objections:

## II. RECOMMENDATION: PLAINTIFF'S CASE IS BARRED BY THE STATUTE OF LIMITATIONS

Objection:  A genuine issue of material fact exists as to whether Plaintiff's Title IX claim accrued on December 21, 2015, when she graduated from DSU, and she was no longer exposed to a sexually hostile environment.

> Since the applicability of the statute of limitations usually involves questions of fact for the jury," *Van Buskirk v. Carey Can. Mines, Ltd.*, 760 F.2d 481, 498 (3d Cir. 1985), "if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)[,] *Schmidt*, 770 F.3d at 249.

*Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017).  Given the factual nature of a statute of limitations defense, "…defendants bear a heavy burden in seeking to establish as a matter of law that the challenged claims are barred." *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 498 (3d Cir. 1985).  Dismissal on a motion to dismiss based on statute of limitations is generally disfavored.  *See Rylick v. Digital Sec. Controls, Ltd.*, 2007 WL 150435, at *3 (D.N.J. Jan. 16, 2007) ("Indeed, the Third Circuit has indicated that motions to dismiss under Rule 12(b)(6)…are generally disfavored when they are based on a statute of limitations defense because the applicability of the statute of limitations often involves questions of fact for the jury) (internal quotations omitted.)[1]

"When a tort involves continuing wrongful conduct, the statute of limitations doesn't begin to run until that conduct ends*." Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002).

---

[1] The law in the preceding paragraph was not cited in Plaintiff's Opposition to Defendant's Motion to Dismiss, and therefore was not presented to the Magistrate Judge.  However, the additional statements of the law are necessary to provide context for this Court to evaluate the Magistrate Judge's drastic decision to dismiss this case on the basis of the statute of limitations.

Further, "[t]he doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Id*. (internal quotations omitted.) The injury in a Title IX case is the creation and maintenance of a sexually hostile environment by virtue of an unreasonable response to a report of sexual misconduct. *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Ed*., 526 U.S. 629 (1999). Thus, a Title IX claim accrues when the hostile environment ceases to exist. *See Chestang v. Alcorn State Univ*., 940 F. Supp. 2d 424, 430 (S.D. Miss. 2013) ("The hostile environment ceased to exist – and Chestang's claim accrued – when Chestang left school in late-summer 2008.")

Here, there is no single incident that can reasonably be the basis of Plaintiff's claim for a sexually hostile environment. Rather, it was the ongoing failure to reasonably respond to her rape, ongoing harassment, and the continued presence of her rapist on campus, thus creating and maintaining a sexually hostile environment on campus, that serves as the basis for liability under Title IX. The Magistrate Judge based her analysis on a conclusion that Keel could "'continue her education and feel as though she is matriculating in a safe and secure academic environment' completing her tenure without Faustin on campus." (D.I. 19 at 6-7.) This quote comes from Plaintiff's complaint, which in turn, quoted a document issued by DSU when it decided to suspend Faustin. (D.I. 1 at ¶ 38.) Further, the Magistrate concluded that "Keel does not allege any facts relating to any incident or harm allegedly suffered by her after May 11, 2015 and through the date of her graduation on December 21, 2015, except for her chance encounter with Faustin in September 2015." (D.I. 19 at 7.) However, the Magistrate failed to take into account Keel's allegations of DSU's failures after suspending Faustin and issuing this sanctioning document.

3

After the issuance of this sanctioning document, Keel did not experience a "safe and secure academic environment" because Faustin was allowed to come back to campus, and was actually on campus multiple times. (D.I. 1 at ¶¶ 40-41.) Keel actually encountered Faustin in September of 2015 in an academic building on campus, while he was supposed to be suspended. (*Id.* ¶ 40.) Keel was not informed that Faustin would be on campus, nor was she provided a police escort, as was required by DSU's sanction. (*Id.*) Further, Faustin continued to be allowed on campus during his suspension. (*Id.* ¶ 41.) She was similarly never informed of his continued presence on campus, nor provided a police escort as required. (*Id.*) In an attempt to get DSU to abide by its sanctioning requirements, and secure a safe academic environment for herself free from potential exposure to her supposedly suspended rapist, Keel reported Faustin's presence on campus during his suspension to both DSU's Title IX office and Judicial Affairs office. (*Id.* ¶ 42.) Neither office took responsibility for enforcing the sanctioning requirements and ensuring that Faustin would not be on campus, or if he was, ensuring that Plaintiff would be informed and provided a police escort. (*Id.*) Unsatisfied, Keel reported these violations to DSU's Police Sergeant Simmons, who similarly failed to offer to enforce the sanctioning requirements. (*Id.* ¶ 43.) Thus, because of DSU's wrongful conduct in failing to enforce its sanctioning requirements, Keel was forced to endure a circumstance in which she could encounter the man that raped her, and continued to harass her after the rape, on campus at any time. Accordingly, Keel took it upon herself to avoid areas of campus and lock herself in her room to keep herself safe. (*Id.* ¶ 44.)

These allegations create a question of fact as to whether Keel's claim accrued on December 21, 2015, the date she graduated and left campus. A reasonable juror could find that Keel exhausted all options for ensuring her safety on campus and because of DSU's wrongful

failure to enforce its sanctioning requirements up until the time she graduated, was forced to remain in a sexually hostile academic environment.  For purposes of Title IX, the hostile environment ceased to exist, and Keel's claim accrued, on the date she graduated.  A factual question exists as to whether Keel was exposed to a sexually hostile environment until the date she graduated, and therefore, it cannot be said that on its face, Keel's Complaint is conclusively time barred.  Defendants have simply not met their heavy burden of establishing a statute of limitations defense at the pleading stage.  Accordingly, Keel's claims should not be dismissed on a Rule 12 motion to dismiss.

### III. RECOMMENDATION: PLAINTIFF FAILED TO STATE A CLAIM FOR VIOLATION OF TITLE IX

<u>Objection</u>: In support of her claim for violation of Title IX, Keel offered several ways in which a reasonable juror could find that DSU acted with deliberate indifference to her report of sexual misconduct and ongoing harassment.[2]  Specifically, she argued that a reasonable fact finder could conclude that DSU acted with deliberate indifference to her rape by:

1. Engaging in an unjustifiable delay in investigating and adjudicating Keel's reports of rape and ongoing harassment.  *Kracunas v. Iona College*, 119 F.3d 80, 90 (2d Cir. 1997); *see Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1297 (11th Cir. 2007) (recognizing an eleven-month delay in concluding an investigatory process was clearly unreasonable); *Doe v. E. Haven Bd. of Educ.*, 200 Fed. Appx. 46 (2d Cir. 2006) (finding that a five-week delay in

---

[2] Several courts have acknowledged that the deliberate indifference inquiry is generally a question of fact, not properly disposed of on a motion to dismiss.  *See Doe v. Forest Hills Sch. Dist.*, 2015 WL 9906260, at pp. 9-11 (W.D. Mich. Mar. 31, 2015) ("Deliberate indifference is a fact sensitive inquiry"); *Patterson v. Hudson Area Sch.,* 551 F.3d 438, 450 (6th Cir. 2009) (plaintiffs "demonstrated that there is a genuine issue of material fact as to whether Hudson's responses to DP's reported student-on-student sexual harassment were clearly unreasonable"); *Lilah R. ex. Rel. Elena A. v. Smith,* 2011 WL 2976805, *5 (N.D.Cal. July 22, 2011) ("Generally deliberate indifference is a fact-intensive inquiry and is often a question for the jury's determination"); *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,* 220 F.3d 380, 384 (5th Cir. 2000) ("…determining what constitutes appropriate remedial action…in Title IX cases 'will necessarily depend on the particular facts of the case…').

5

addressing report of sexual assault supported a finding of deliberate indifference); *Tubbs v. Stony Brook University*, 2016 WL 8650463 at *7 (S.D.N.Y. Mar. 4, 2016 (acknowledging that the defendant acted with deliberate indifference because, "CSO took over 3 months to complete an investigation and hold a disciplinary hearing); *Kollaritsch v. Michigan State U. Bd. of Trustees*, 1:15-CV-1191, 2017 WL 6766312, at *6 (W.D. Mich. Nov. 2, 2017) (finding a six month delay in investigating and adjudicating reports of sexual misconduct clearly unreasonable); *Dawn L. v. Greater Johnstown Sch. Dist.*, 586 F.Supp.2d 232 (W.D. Pa. 2008) (finding deliberate indifference for a school district's failure to commence an investigation for four weeks after the original complaint);

2. Coming to an initial, erroneous outcome when adjudicating Plaintiff's report of rape. *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994); *Doe v. Miami Univ.*, 2018 WL 797451, at *8 (6th Cir. Feb. 9, 2018);

3. Engaging in a biased and inequitable investigation and adjudicatory process. *Doe v. U. of Massachusetts-Amherst*, 2015 WL 4306521 (D. Mass. July 14, 2015);

4. Failing to implement and enforce reasonable interim measures for Keel's protection, and failing to implement additional measures when it learned its initial measures were ineffective. *Wills v. Brown Univ.*, 184 F.3d 20, 26 (1st Cir. 1999); *see Vance v. Spencer County Pub. Sch. Dist., 231 F.3d 253* at 261 *(6th Cir. 2000)* (concluding that "[w]here a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act reasonably in light of the known circumstances"); *Kelly v. Yale U.*, 2003 WL 1563424 (D. Conn. Mar. 26, 2003); *Leader v. Harvard U. Bd. of Overseers*, 2017 WL 1064160, (D. Mass. Mar. 17, 2017); and

5. Failing to comply with federal requirements for responding to instances of sexual misconduct. *See Doe v. Forest Hills Sch. Dist.,* 2015 WL 9906260, at *10 (W.D. Mich. Mar. 31, 2015) ("Finally, the school clearly did not comply with Title IX guidance in its investigation…Although failure to comply with Title IX guidance does not, on its own, constitute deliberate indifference, it is one consideration") (emphasis in original); *Butters v. James Madison Univ.,* 208 F.Supp.3d 745, 757 (W.D. Va. 2016) (recognizing that many courts have held that "a school's compliance ... with the [Dear Colleague Letter] can be a factor that the court considers"); *Doe 1 v. Baylor U.,* 2017 WL 1831996, at *7 (W.D. Tex. Mar. 7, 2017) ("While the Court agrees that a school's failure to comply with certain DOE guidelines generally cannot, alone, demonstrate a school's deliberate indifference, it also agrees with numerous courts that DOE regulations may still be consulted when assessing the appropriateness of a school's response to reports of sexual assault*")* (internal citations omitted); *Bleiler v. Coll. of Holy Cross,* 2013 WL 4714340, at *5 (D. Mass. Aug. 26, 2013) (noting that Title IX guidance "does not have independent force of law but informs this Court's evaluation of whether the College's procedures were 'equitable'".)

In her Recommendation, Judge Fallon did not directly address Plaintiff's theories of deliberate indifference, and their legal bases, outlined above. Instead, Judge Fallon pointed to actions DSU did take, and concluded that these actions, "fail to amount to a showing that "an official decision" was made "not to remedy the violation." (D.I. 19 at 9.) However, when addressing Plaintiff's argument that she suffered additional harassment following her report of sexual misconduct that went <u>unremedied</u> by DSU, Judge Fallon concluded that schools are not required to remedy harassment. (*Id.*) Thus, on the one hand, when DSU did not remedy ongoing harassment, Plaintiff could not show deliberate indifference based on DSU's failure to remedy; however, when DSU took some action to remedy the violation, Plaintiff needed to show that DSU did not remedy the harassment. This put Plaintiff in an impossible position, and is not the state of the law interpreting Title IX.

Rather, as argued in detail in Plaintiff's Opposition to Defendants' Motion to Dismiss, a factual question as to whether a school acted with deliberate indifference is raised by Plaintiff's allegations and the legal arguments outlined above. Accordingly, dismissal at the pleading stage, when all facts and inferences are to be drawn in favor of the plaintiff, is not appropriate.

**IV. RECOMMENDATION: PLAINTIFF DID NOT STATE A CLAIM UNDER § 1983**

<u>Objection</u>: Plaintiff's § 1983 claim is founded on the individual Defendants' own actions amounting to deliberate indifference. An educational institution and/or its administrators violate a student's constitutional right to equal protection when it or they act with deliberate indifference to her claim of peer sexual harassment. *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012); *Williams v. Port Huron Sch. Dist.*, 455 Fed. App'x 612 (6th Cir. 2012); *Shivley v. Green Local School Dist. Bd. Of Educ.*, 2014 WL 4211100 (Aug, 27, 2014). Here, Plaintiff's allegations raise

7

a question of fact as to whether the named individual Defendants acted with deliberate indifference.

With respect to Defendant Candy Young, DSU's Title IX Coordinator, Keel alleged that Young, (1) failed to offer any accommodations, including a no-contact order, to Keel after Keel reported her rape and ongoing harassment by Faustin and others (D.I. 1, ¶ 26); and (2) failed to enforce the sanctioning requirements that Keel be informed when Faustin would be back on campus, and be provided a police escort when Faustin was back on campus, when Keel reported that Faustin was actually on campus several times despite being suspended.  (*Id.* ¶ 42.)

With respect to Defendant Paula Duffy, DSU's Director of the Office of Judicial Affairs, similarly failed to enforce the aforementioned sanctioning requirements when Keel reported to her that Faustin was actually on campus several times despite his suspension.  (*Id.*)  Finally, with respect to Defendant Randolph Johnson, DSU's Director of Bands, Keel alleged that Johnson retaliated against Keel for reporting her rape and ongoing harassment (*Id*. ¶ 32.)

These allegations raise a question of fact as to whether the individual Defendants acted with deliberate indifference, in violation of Keel's constitutional right to equal protection. Accordingly, dismissal on a Rule 12 motion to dismiss is not appropriate.

## V. RECOMMENDATION: THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Objection:  In determining whether a government official is entitled to qualified immunity, a court must determine (1) whether the facts alleged establish the violation of a constitutional right, and (2) whether such right was clearly established at the time of the alleged violation. *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 567 (6th Cir. 2013).

As argued at length in Plaintiff's Opposition, and as detailed above, Keel has alleged facts that establish the violation of her right to equal protection by virtue of the individual

8

Defendants' deliberate indifference to her report of rape and ongoing harassment. Moreover, the right to be free from gender based discrimination, in the form of freedom from a sexually hostile environment, was clearly established at the time of the violation. Title IX, which explicitly prohibited gender discrimination in educational institutions, was enacted in 1972. Further, the Department of Education, which was vested by Congress with the authority to interpret and implement Title IX, has promulgated several regulations and guidance documents, over the last approximately forty years, that inform educational institutions about the right to be free from a sexually hostile environment. Further, by 1999, education administrators would have known that deliberate indifference to claims of peer harassment violates Title IX. *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Ed.*, 526 U.S. 629 (1999).

Thus, the individual Defendants are not entitled to qualified immunity.

## VI. CERTIFICATION

The undersigned counsel certifies that the objections do not raise new legal or factual arguments. Additional authority has been cited, as mentioned in footnote 1 herein, to provide context to the Court in evaluating a previously made legal argument in Plaintiff's Opposition to Defendants' Motion to Dismiss.

**VII.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court reject Judge Fallon's Recommendations, and allow Plaintiff's claims to be fully litigated.

Dated:  December 10, 2018                     Respectfully submitted,

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James I. Stang (CA Bar No. 94435)
James E. O'Neill (DE Bar No. 4042)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail: ljones@pszjlaw.com
          jstang@pszjlaw.com
          joneill@pszjlaw.com

and

Alexander S. Zalkin *(pro hac vice)*
Ryan M. Cohen *(pro hac vice)*
**THE ZALKIN LAW FIRM, P.C.**
12555 High Bluff Drive, Ste. 301
San Diego CA  92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015
Email: ryan@zalkin.com
          alex@zalkin.com

*Attorneys for Plaintiff Mai-ajah Keel*