IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAI-AJAH KEEL,<br><br>      Plaintiff,<br><br>v.<br><br>DELAWARE STATE UNIVERSITY BOARD OF TRUSTEES, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 17-1818-MN-SRF<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington this **30th** day of **March, 2021**, the court having considered the parties' letter submissions (D.I. 70; D.I. 71; D.I. 73; D.I. 74),[1] IT IS HEREBY ORDERED THAT plaintiff Mai-Ajah Keel's ("Plaintiff") motion to compel defendant Delaware State University Board of Trustees ("Defendant" or "DSU") to respond to Plaintiff's Requests for Production ("RFPs") Numbers 1, 2, 3, 4, 5, 6, 8, 11, 12, 13, and 14, and Plaintiff's Interrogatory Numbers 1, 2, and 5 ("Discovery Requests") is GRANTED, and Defendant's motion to compel[2] Plaintiff to answer Defendant's Interrogatory Numbers 16, 17, 18, 19, 20, 21, 23, 24, and 25 is GRANTED-IN-PART and DENIED-IN-PART.

1.     **Background.** This case involves the sexual assault of Plaintiff by another DSU student in November of 2013, and Defendant's subsequent actions or inactions with respect to

---

[1] The court permitted cross briefing of the respective motions with directions for an opening letter brief by the movant and a response by the opposing party addressing the points raised by the movant. (D.I. 62) Instead, the court received four letter briefs in which the parties availed themselves of arguing all issues combined, twice. (D.I. 70; D.I. 71; D.I. 73; D.I. 74)

[2] The parties reached an agreement about Defendant's motion to compel Plaintiff's responses to contention interrogatories and Plaintiff's production of documents used in a recent mediation. (*See* D.I. 62 at 1 2; D.I. 71 at 4; D.I. 74 at 3) Thus, those two issues are moot.

Plaintiff following that assault. (D.I. 30; D.I. 37) Plaintiff's only cause of action is a Title IX claim that Defendant acted with deliberate indifference to known acts of harassment that barred Plaintiff's access to an educational opportunity or benefit. (*See* D.I. 30; D.I. 37)

2. Plaintiff seeks to compel discovery which relates to three categories of information: (1) the scope of Defendant's response to Plaintiff's report that she was sexually assaulted by a fellow student, Jason Faustin ("Mr. Faustin"); (2) Defendant's knowledge of Mr. Faustin's propensity for sexual violence; and (3) Defendant's responses to other reported incidents of sexual misconduct before Plaintiff reported being sexually assaulted by Mr. Faustin. (D.I. 70 at 1)

3. In conclusory fashion, Defendant moves for a protective order precluding Plaintiff's Discovery Requests and makes a cursory argument in a footnote for relief in limiting the number of ESI custodians whose files are to be searched and limiting the search string that Plaintiff requests for searching the custodians' files. (D.I. 71 at 2–3; D.I. 73 at 2 n.3)

4. Defendant also seeks to compel Plaintiff to respond to Interrogatory Numbers 16 Numbers 16, 17, 18, 19, 20, 21, 23, 24, and 25. (D.I. 71 at 3–4) Plaintiff argues that Defendant's Interrogatory Number 16 contains four distinct interrogatories, concludes that Defendant has exceeded the limit of permissible interrogatories under Fed. R. Civ. P. 33, and, therefore, objects to responding to Defendant's Interrogatory Numbers 23 through 25. (D.I. 73 at 3)

5. For the reasons which follow, Plaintiff's Motion is GRANTED, and Defendant's Motion is GRANTED-IN-PART and DENIED-IN-PART.

6. **Legal standard.** Several principles inform the court's resolution of the instant discovery disputes. In general, "any nonprivileged matter that is relevant to any party's claim or

2

defense and proportional to the needs of the case" is within the scope of discovery. Fed. R. Civ. P. 26(b)(1).[3] Rule 26 is liberally construed in favor of disclosure because "relevance is a broader inquiry at the discovery stage than at the trial stage." *See Duncan v. Black*, 2018 WL 317957, at *2 (W.D. Pa. Jan. 8, 2018) (citing *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)).

7. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33(a) advisory committee's note to 1993 amendment. However, "[s]ubparts are treated as part of a single interrogatory where they are logically or factually subsumed within and necessarily related to the primary question." *Medigus Ltd. v. Endochoice, Inc.*, C.A. No. 15-505-LPS-CJB, 2016 WL 5791409, at *1 (D. Del. July 19, 2016) (internal quotations and citations omitted). To determine whether a subpart is subsumed by and related to the primary question in an interrogatory, courts consider:

> [W]hether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related[.]

*Id.* (quoting *Waterbury v. Scribner*, 2008 WL 2018432, at *2 (E.D. Cal. May 8, 2008).

---

[3] Defendant cites an outdated scope of discovery standard throughout its briefing. (*See* D.I. 71 at 2; D.I. 73 at 4) "The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

8.      **Plaintiff's Motion to Compel.**  Defendant, relying upon the court's Memorandum Opinion (D.I. 37) denying in part Defendant's Motion to Dismiss, argues that Plaintiff's Discovery Requests must be restricted to information relevant to Defendant's deliberate indifference to Mr. Faustin's presence on campus, despite a suspension order, between December 19, 2015, and Plaintiff's graduation on December 21, 2015.  (D.I. 71 at 1–3; D.I. 73)  In making this argument, Defendant fails to acknowledge that it required Plaintiff to answer interrogatories seeking information going back to 2013.  (*See* D.I. 72, Ex. B at 13)

9.      The court rejects Defendant's argument, which excessively restricts the date range and scope of Plaintiff's Discovery Requests.  Defendant persists in making a statute of limitations argument on which it did not prevail in its earlier Motion to Dismiss (D.I. 27; D.I. 37) and conflates the reasons for which the court found that Plaintiff's claims were not time-barred with limitations on the scope of her surviving Title IX claims and, therefore, on discovery.  (D.I. 71 at 1–3; D.I. 73; D.I. 37 at 9–13)

10.     The court found Plaintiff's claims were not barred by the statute of limitations because Plaintiff successfully pleaded claims that fit within the continuing tort and/or continuing violation doctrine.  (D.I. 37 at 9–11)  Plaintiff alleged that Mr. Faustin returned to campus within the limitations period and that Defendant engaged in acts during that period in which it failed to address Plaintiff's repeated complaints and "pass[ed] the buck" as far as who was responsible for addressing her complaints about Mr. Faustin's continuing presence on campus.  (*Id.* at 11)  Such facts may overlap with but do not restrictively curtail discovery into the deliberate indifference claims wherein Plaintiff has made facially plausible allegations that Defendant knew of Plaintiff's assault and ensuing harassment and failed to respond adequately.  (*Id.* at 9–13)  Nothing in the court's opinion supports the excessively truncated view that Plaintiff may only

discover information concerning Defendant's acts of deliberate indifference in relation to Mr. Faustin's presence on campus, despite the suspension order, over a three day period prior to Plaintiff's graduation. Defendant's argument proposing such limits is more in the nature of a motion *in limine* than a discovery objection.

11. Defendant devotes one sentence to its Motion requesting a Protective Order, so the Motion is DENIED. (D.I. 71 at 3) Similarly, Defendant's burden argument is made in a footnote without factual support and is speculative at best.[4] (D.I. 73 at 2 n.3)

12. Once a claim survives a motion to dismiss, a party may take discovery to develop evidence in support of such claims on which it bears the burden of proof at trial, within the scope of relevance and proportionality established in Rule 26. *See* Fed. R. Civ. P. 26(b).

13. The court clearly articulated what Plaintiff must establish to satisfy the "deliberate indifference" standard under Title IX. (D.I. 37 at 11–12) ("Deliberate indifference requires a response (or failure to respond) that is 'clearly unreasonable in light of the known circumstances.'") (quoting *Davis Next Friend LaShonda D. v. Monroe Cty. Bd of Educ.*, 526 U.S. 629, 648 (1999). Plaintiff's discovery requests are tailored to her allegations of Defendant's deliberate indifference. Defendant has not made a credible relevance argument other than to rehash an unsuccessful statute of limitations argument. On this record, therefore, the court GRANTS Plaintiff's motion to compel and orders that Defendant's responses to the Discovery Requests shall be served on Plaintiff on or before **April 13, 2021**.

---

[4] The topic of allegedly burdensome ESI discovery was not included by Defendant in the Joint Motion for Teleconference to Resolve a Discovery Dispute. (D.I. 62) Therefore, the court will not address it but expects the parties will familiarize themselves with the court's "DEFAULT STANDARD FOR DISCOVERY," which includes ESI.

**14.     Defendant's Motion to Compel.** Defendant seeks to compel Plaintiff to answer its interrogatories. (D.I. 71 at 3–4)  Plaintiff's only objection to Defendant's motion to compel is that Defendant's Interrogatory Number 16 contains four subparts which count against the 25-interrogatory limit set by the Scheduling Order (D.I. 45) and Federal Rule of Civil Procedure 33. (D.I. 74 at 3)  As a result, Plaintiff argues that Defendant "reached its limit of 25 interrogatories after Interrogatory Number 22." (*Id.*)  Using this calculation, Plaintiff seeks to avoid answering Defendant's Interrogatory Numbers 23, 24, and 25. (*See id.*)  Defendant argues that the various subparts included in its Interrogatory Number 16 should be considered a single interrogatory because they are aimed "at eliciting details concerning a common theme." (D.I. 71 at 3–4) (internal quotations and emphasis omitted)

**15.**     Defendant's Interrogatory Number 16 states:

> Describe, in detail, the facts or other bases for the allegations in Paragraphs 40-43 of the Complaint. As part of your answer, state: (1) why you went to see your advisor on the day you allegedly encountered Mr. Faustin in September 2015; (2) the facts and bases for your allegation that DSU "failed to follow through with its sanction;" (3) the facts and bases for your allegation that "Faustin was allowed to continue taking one or two classes up until the end of the semester on December 21, 2015;" and (4) the facts and bases for your allegation that "Faustin was routinely, physically on campus in connection with his continued coursework, despite his purported suspension, up until December 21, 2015."

(D.I. 72 at 17)

**16.**     The court finds that the subparts of Defendant's Interrogatory Number 16 refer to discrete factual allegations in the amended complaint that are not "logically or factually subsumed" into a common theme and should, therefore, be considered separate interrogatories for the purposes of the limit imposed by Fed. R. Civ. P. 33. *See Medigus*, 2016 WL 5791409, at *1 (internal quotations omitted); *see also* Fed. R. Civ. P. 33(a) advisory committee's note to 1993 amendment.

6

17.     Nevertheless, Defendant's motion to compel is GRANTED-IN-PART because the "pragmatic approach" to addressing Defendant's motion to compel is to relieve Plaintiff of the obligation to respond to the four unrelated subparts of Interrogatory 16.  *See Medigus*, 2016 WL 5791409, at *1 (internal quotations omitted).  Stated otherwise, Plaintiff need only respond to the request posed by the first sentence of Defendant's Interrogatory Number 16.  Otherwise, on or before **April 13, 2021**, Plaintiff shall answer the full set of Defendant's twenty-five interrogatories, without answering the subparts to Defendant's Interrogatory Number 16.  *See* Fed. R. Civ. P. 33(b)(2)("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.").

18.     **Conclusion.**  In light of the foregoing, Plaintiff's motion to compel is GRANTED, and Defendant's motion to compel Plaintiff to answer interrogatories is GRANTED-IN-PART and DENIED-IN-PART, WITHOUT PREJUDICE.

19.     Given that the court has relied upon material that remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a motion and proposed redacted version by no later than **April 6, 2021**.  The court will subsequently issue a publicly available version of its Memorandum Order.

20.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order.

Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

21. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge